UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**REX D. HILL and FINANCIAL
SERVICES, INC.,**

        **Plaintiffs,**

v.                                   **Case No:  6:14-cv-950-Orl-41KRS**

**ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA,**

        **Defendant.**

                                     /

## ORDER

THIS CAUSE is before the Court on the following motions: Plaintiff's Motion for Relief from State Court Confidentiality Contrary to Applicable Federal Case Law ("Motion for Relief from Protective Order," Doc. 37); Defendant's Motion to Strike Plaintiff's First Amended Civil Complaint ("Motion to Strike Complaint," Doc. 41); Defendant's Motion to Strike for Failure to Comply with Confidentiality Protective Order ("Motion to Strike Confidential Material," Doc. 42); and Plaintiff's Motion to Allow First Amended Civil Complaint Filing ("Motion to File," Doc. 46). For the reasons set forth herein, Plaintiff's Motion for Relief from Protective Order will be denied as moot, Defendant's Motion to Strike Complaint will be granted, Defendant's Motion to Strike Confidential Material will be denied, and Plaintiff's Motion to File will be denied.

### I.    PROCEDURAL BACKGROUND

Plaintiff[1] filed this case in the Eighteenth Judicial Circuit in and for Brevard County, Florida on February 8, 2013, alleging state law claims for slander and tortious interference with an

---

[1] Although the case caption lists two named Plaintiffs, Lifestyles Financial Services, Inc. was added by the First Amended Civil Complaint (Doc. 39), which the Court will strike. Therefore,

expectancy. (Compl., Doc. 2, at 1, 2–10). Defendant removed this case to federal court alleging diversity jurisdiction. (Notice of Removal, Doc. 1, at 1–2). On June 18, 2014, Plaintiff filed his First Motion to Amend (Doc. 4), which sought to add his wholly-owned field marketing organization, Lifestyles Financial Services, Inc. ("Lifestyles"), as a nominal plaintiff, which was not independently seeking damages. (*Id.* at 1). Plaintiff's First Motion to Amend was denied without prejudice for failure to comply with Local Rule 3.01. (Order on First Mot. to Amend, Doc. 6, at 1).

Plaintiff filed a second Motion to File Amended Complaint (the "Second Motion to Amend," Doc. 24) seeking to add Lifestyles as a nominal plaintiff, (*id.* at 4), to assert a claim for common law fraud, (*id.* 14–19), and to add a demand for a jury trial, (*id.* at 20). This Court denied Plaintiff leave to add either a claim for common law fraud or to assert a right to a jury trial, but granted Plaintiff leave to add Lifestyles as a named party. (Dec. 5, 2014 Order, Doc. 36, at 4–6). Plaintiff filed the First Amended Civil Complaint (the "Amended Complaint," Doc. 39).[2] Therein, Plaintiff asserts, for the first time, a claim for breach of contract and several new factual allegations. (*Id.* at 1–13, 14). Based on the alleged deviation from the scope of this Court's December 5, 2014 Order, Defendant has moved this Court to strike the Amended Complaint. Additionally, the parties dispute the applicability of a protective order entered by the state court prior to removal. The parties have fully briefed the Court on both issues.

---

this Order will refer to Plaintiff in the singular in reference to the only properly named plaintiff, Rex D. Hill.

[2] The Amended Complaint was first incorrectly filed in the Court's electronic filing system. (*See* Dkt. Entry, Doc. 38). Plaintiff's counsel re-filed the same document to correct the error. (*See* Dkt. Entry, Doc. 39). For ease of reference, the Court will reference only Doc. 39 as the Amended Complaint.

## II.    CONFIDENTIALITY PROTECTIVE ORDER

In May 2014, the state court entered a Confidentiality Protective Order (the "CPO," Doc. 15-1) providing, in relevant part, as follows:

> No Party or Non-Party shall file with the Court in this action documents which have been designated as Confidential Material without first obtaining leave of Court to file such Confidential Material under seal, or written agreement of the Designator; provided, however, that nothing in this Protective Order shall prohibit the Parties from referencing or quoting from documents that have been designated Confidential unless such references or quotations are themselves Confidential. Written agreement of the Designator may be given to the receiving party to file a document containing Confidential Material not under seal, in a redacted form, if the Designator identifies in writing the Confidential Material to be redacted, and the receiving party redacts all such Confidential Material prior to filing the document. The parties acknowledge that this Protective Order creates no entitlement to file Confidential Material under seal. If any party wishes to file Material under seal with the Court that incorporates or discloses Confidential Material, said party must obtain leave of Court before these documents may be filed under seal. After receiving Court approval, such party shall submit such pleadings or other submissions under seal.

(*Id.* at 6). Defendant contends that Plaintiff has violated the CPO by disclosing certain information pertaining to a non-party annuity transaction in his pleadings and motions before this Court. (Mot. to Strike Confidential Material at 1, 6). Plaintiff argues that he has a constitutional right to present these facts to the Court, and therefore, the CPO should be amended. (Mot. for Relief from Protective Order at 1–2). As stated in this Court's December 5, 2014 Order, the CPO entered by the state court "has full force and effect in these proceedings" pursuant to 28 U.S.C. § 1450 "[u]ntil such time as this Court orders otherwise." (Dec. 5, 2014 Order at 8).

### A.    Motion to Strike Confidential Material

Defendant asks this Court to strike Plaintiff's Second Motion to Amend, Motion for Relief from Protective Order, and the Amended Complaint for failure to comply with the CPO. Defendant has specified various allegations that allegedly violate the CPO in each of the filings. Specifically,

Defendant disputes the extensive disclosure of information pertaining to the annuity transaction of a non-party to this litigation.

Defendant has waived any right to confidentiality in the specified information. The CPO provides, in relevant part, "The restrictions set forth in this Protective Order shall not apply to any Material which, at the time of production, is within the public domain, or which the Designator subsequently released into the public arena." (CPO at 7). Ironically, in responding to Plaintiff's Second Motion to Amend, Defendant filed an unredacted draft of the proposed First Amended Civil Complaint. (Ex. C to Resp. in Opp'n, Doc. 27-3, at 6–21). In doing so, Defendant waived the protections of the CPO and any claim of confidentiality in the disputed information. Plaintiff's documents containing this information will not be stricken.

### B.       Motion for Relief from Protective Order

Plaintiff requests that this Court amend the CPO to insert the following language into the CPO after the above quoted paragraph:

> Provided[,] however, in accordance with *Romero v[.] Drummond Co., Inc.*, 480 F.3d 1234 (11th[ ]Cir. 2007)[,] parties may file confidential[ly-]designated factual material in motions and pleadings that are presented to the Court to invoke the Court's powers or affect the Court's decision. [Federal Rule of Civil Procedure] 26 recognized privileged information (trade secrets, attorney/client privilege, etc.) shall not be filed. Personal identification information shall be redacted in accordance with [Federal Rule of Civil Procedure] 5.2.

(Mot. for Relief from Protective Order at 12). Although Plaintiff's requested relief is broadly worded, Plaintiff delineates the specific protected information he seeks to include in his filings with the Court. (*Id.* at 6–8). Notably, the specified facts are identical to those contained in the attachments to Defendant's Response in Opposition. (*Compare id.*, *with* Ex. C to Resp. in Opp'n at 6–21). Accordingly, as set forth above, the information Plaintiff seeks to disclose is no longer covered by the CPO and can be freely filed in the public record.

Therefore, to the extent Plaintiff seeks to file documents containing the specified facts, this relief has been de facto granted by Defendant's disclosure, rendering the Motion for Relief from Protective Order moot. *See Oparaji v. N.E. Auto-Marine Terminal*, 437 F. App'x 190, 193 n.1 (3d Cir. 2011) ("A motion is moot when a court is unable to fashion any form of meaningful relief."); *Mack v. Loizzo*, No. 08-20181-CIV, 2008 WL 4809230, at *1 (S.D. Fla. Nov. 4, 2008) ("As the Court previously granted the requested relief, the instant Motion is moot."). Insofar as Plaintiff seeks to introduce facts not covered by Defendant's disclosure in the future, Plaintiff may raise that issue as necessary. Therefore, Plaintiff's Motion for Relief from Protective Order will be denied as moot.

### III.   FIRST AMENDED CIVIL COMPLAINT

On October 6, 2014, Plaintiff filed the Second Motion to Amend and attached the proposed First Amended Civil Complaint. Therein, Plaintiff sought leave to file an amended pleading which: (1) added Lifestyles as a nominal party; (2) added a claim for common law fraud; and (3) added a demand for a jury trial. This Court denied Plaintiff leave to assert either the fraud claim or the jury demand, but the Court granted Plaintiff leave to file the proposed First Amended Civil Complaint insofar as it added Lifestyles as a plaintiff. (Dec. 5, 2014 Order at 4–6, 8). Specifically, the Court granted Plaintiff leave to file "an Amended Complaint consistent with this Order." (*Id.* at 8). Thereafter, Plaintiff filed the Amended Complaint which, for the first time, asserts a breach of contract claim and makes various other changes that were not presented to the Court for consideration. Plaintiff argues that the Amended Complaint is not beyond the scope of the Court's December 5, 2014 Order because that Order's "consistent with" language does not limit him to only that relief granted by the Order.

Plaintiff's argument is untenable. Plaintiff cannot reasonably claim that this Court's December 5, 2014 Order granted Plaintiff leave to asserts claims, which, at that time, were not before the Court. "[I]t is mistaken, if not misleading, for Plaintiff[] to interpret the Court's ruling as [a] *carte blanche*" grant of authority to reformulate the proposed First Amended Civil Complaint to not only add Lifestyles, but to add additional legal theories and claims for relief. *Helms v. Nationwide Ins. Co. of Am.*, 280 F.R.D. 354, 359, 360–62 (S.D. Ohio 2012) (striking an amended complaint because it contained new allegations and claims that exceeded the scope of the Court's grant of leave to amend, as well as presented claims never contemplated by the request for leave to amend). Neither the proposed pleading nor the Second Motion to Amend raised or contemplated a claim for breach of contract. Thus, the Amended Complaint far exceeds the scope of this Court's December 5, 2014 Order. Striking such a pleading is proper. *See Cincinnati Ins. Co. v. Cochran*, No. 05-16867, 2006 WL 4495335, at \*2–3, 3 n.3 (11th Cir. Dec. 27, 2006) (per curiam) ("The district court was well within its discretion when it struck the malicious prosecution counterclaim on the basis that it exceeded the scope of the original order."). Accordingly, the Amended Complaint will be stricken from the record and the Complaint will remain the operative pleading in this case.

## IV.   LEAVE TO FILE

Plaintiff has alternatively requested that this Court accept the Amended Complaint as filed, despite Plaintiff's failure to comply with the December 5, 2014 Order. Plaintiff argues that this Court should allow Plaintiff leave to assert his breach of contract claim pursuant to Federal Rule of Civil Procedure 15(a)(2) because Defendant has not shown that amendment would be futile, prejudicial, or unduly delayed. Defendant opposes the amendment.

Pursuant to Federal Rule of Civil Procedure 15(a), a motion to amend made more than twenty-one days after service of a responsive pleading or motion to dismiss requires either the opposing party's written consent or leave of the court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, pursuant to Federal Rule of Civil Procedure 16(b), the Court is required to issue a scheduling order which "must limit the time to . . . amend the pleadings." "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In this case, the Court issued a Case Management and Scheduling Order (the "CMSO," Doc. 22) requiring all motions to add parties or amend the pleadings to be filed on or before October 6, 2014. (*Id.* at 1). Accordingly, for motions to amend filed subsequent to October 6, 2014, Plaintiff must not only satisfy the Rule 15 requirements, but also must establish good cause to alter the CMSO. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam) ("If [courts] considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").

"Th[e] good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Id.* at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note 1983 amend.). "The burden of establishing the requisite good cause . . . rests on . . . the party seeking relief from the Scheduling Order." *John Hancock Life Ins. Co. (U.S.A.) v. Allen*, No. 13-0613-WS-B, 2014 WL 5488832, at \*3 (S.D. Ala. Oct. 28, 2014); *see also Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1312 (11th Cir. 2009) (noting that the burden to show good cause rests on the party seeking to modify the scheduling order).

Plaintiff did not seek leave to assert the newly-added claims and allegations until January 7, 2015, three months after the deadline for filing motions to amend had lapsed. Plaintiff has

altogether failed to address Rule 16(b), let alone demonstrate good cause. Therefore, Plaintiff has not carried his burden, and the request for leave to amend will be denied.

## V.     FEES AND COSTS

The Amended Complaint was filed after the deadline for amended pleadings set forth in the CMSO. Furthermore, Plaintiff failed to present a plausible argument that the addition of claims and allegations was supported by this Court's December 5, 2014 Order granting limited leave to amend after the deadline. Thus, Plaintiff's Amended Complaint violates Rule 16(b). Pursuant to Federal Rule of Civil Procedure 16(f)(2), "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with [Rule 16], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."

As previously noted, Plaintiff has failed to address Rule 16 at all, let alone demonstrate that his noncompliance with Rule 16 and the CMSO was substantially justified or that awarding expenses would be unjust. This Court granted Plaintiff limited leave to amend his pleadings. Plaintiff's counsel, however, elected to far exceed any reasonable reading of this Court's December 5, 2014 Order granting said leave. Plaintiff's counsel has offered no credible rationale explaining his utter disregard for the rules and orders of this Court. Plaintiff's counsel's conduct was not justified, was tantamount to willful disregard for this Court's orders, and an award of Defendant's expenses in opposing the offending Amended Complaint would not be otherwise unjust.[3] **Therefore, Plaintiff's counsel shall bear Defendant's reasonable expenses incurred in filing the Motion to Strike Complaint.**

---

[3] Notably, this is not the first time Plaintiff's counsel has disregarded the orders of this Court without justification. In the December 5, 2014 Order, this Court admonished Plaintiff that the CPO remained in effect "[u]ntil such time as this Court *orders* otherwise," and therefore,

## VI.   FEDERAL RULE OF CIVIL PROCEDURE 5.2

A further review of the record reveals that Plaintiff incorporated his purported contract with LifeUSA Insurance Company, a predecessor to Defendant, into a number of his filings. This document contains Plaintiff's full name, social security number, and date of birth. (*See, e.g.*, Ex. 1 to Am. Compl. at 17–18, 27–28).[4] In a filing with the Court that contains either a social security number or a date of birth, the filing party may include only "the last four digits of the social-security number" and "the year of the individual's birth." Fed. R. Civ. P. 5.2(a)(1)–(2). These filings were not properly redacted, and accordingly will be stricken. *See Brown v. McConnell*, No. CV409-086, 2009 WL 2338001, at *2 n.3 (S.D. Ga. July 27, 2009). Therefore, the Amended Complaint and Plaintiff's Motion to File[5] will be stricken and deleted from the record.

## VII.   CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.  Plaintiff's Motion for Relief from State Court Confidentiality Contrary to Applicable Federal Case Law (Doc. 37) is **DENIED as moot**.

2.  Defendant's Motion to Strike Plaintiff's First Amended Civil Complaint (Doc. 41) is **GRANTED**.

---

"Plaintiff may not . . . choose to ignore the [CPO] at his discretion." (Dec. 5, 2014 Order at 8 (emphasis added)). Nevertheless, Plaintiff's counsel thereafter filed a number of documents containing information protected by the CPO without seeking leave from this Court to file under seal and prior to any order from this Court relieving Plaintiff of his obligations under the CPO.

[4] The original document does not have page numbers. Therefore, pinpoint citations refer to the electronic page numbers.

[5] The Court notes that Plaintiff filed the "attachments" as additional pages at the end of the Amended Complaint and the Motion to File. Accordingly, because these were not properly filed as separate attachments, the Court has no choice but to strike and delete each entire document from the record.

3. The First Amended Civil Complaint (Doc. 39) is **STRICKEN**. The Complaint (Doc. 2) shall remain the operative pleading.

4. Defendant's Motion to Strike for Failure to Comply with Confidentiality Protective Order (Doc. 42) is **DENIED**.

5. Plaintiff's Motion to Allow First Amended Civil Complaint Filing (Doc. 46) is **DENIED**.

6. Defendant shall be awarded its reasonable expenses incurred as a result of filing the Motion to Strike Plaintiff's First Amended Civil Complaint (Doc. 41). **Defendant shall file an accounting of its expenses, including attorneys' fees, on or before Tuesday, July 8, 2015**.

7. The Clerk is directed to strike and delete the following documents from the record: First Amended Civil Complaint (Doc. 38); First Amended Civil Complaint (Doc. 39); and Plaintiff's Motion to Allow First Amended Civil Complaint Filing (Doc. 46).

8. The Clerk is further directed to terminate Lifestyles Financial Services, Inc. and amend the case style accordingly.

**DONE** and **ORDERED** in Orlando, Florida on June 17, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record