UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**REX D. HILL,**

      **Plaintiff,**

v.                                                 **Case No: 6:14-cv-950-Orl-41KRS**

**ALLIANZ LIFE INSURANCE**
**COMPANY OF NORTH AMERICA,**

      **Defendant.**

                                                 /

**ORDER**

THIS CAUSE is before the Court on Defendant's Second Renewed Motion for Attorneys' Fees and Costs ("Motion," Doc. 145). United States Magistrate Judge Karla R. Spaulding submitted a Report and Recommendation ("R&R," Doc. 157), recommending that the Court grant in part the Motion. Specifically, Judge Spaulding recommends that the Motion be granted to the extent that Defendant seeks reasonable attorneys' fees—without determining the amount of attorneys' fees—and that it be denied as moot as to Defendant's request for costs. (*Id.* at 15). Plaintiff filed an Objection to the R&R (Doc. 158), to which Defendant filed a Response (Doc. 159) and Plaintiff filed a Reply (Doc. 162).

**I.    LEGAL STANDARD**

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendation to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam).

The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II.  ANALYSIS

Plaintiff raises only one objection to the R&R—that Judge Spaulding erred in finding that Defendant is entitled to reasonable attorneys' fees as a result of Plaintiff's rejection of its Proposal for Settlement (Doc. 145-1).[1] Specifically, Plaintiff argues that the language in the proposal conflicted with the general release contained therein, in violation of Florida Rule of Civil Procedure 1.442 and section 768.79 of the Florida Statutes. Rule 1.442(c) requires settlement offers to "state with particularity any relevant conditions." "If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement." *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006). General releases are relevant conditions that must be described with particularity. *Id.* at 1078.

In the settlement proposal, Defendant offered to pay Plaintiff $22,500 "in full and final settlement and resolution of all of Hill's claims that have been, or could have been, asserted against Allianz in the above-captioned litigation." (Doc. 145-1 at 2). As part of the proposal, Plaintiff was required to "execute a general release in favor of Allianz and its privies, parents, subsidiaries, affiliates, employees, agents, directors, officers, and other representatives." (*Id.* at 3). The general release reiterated that Plaintiff, as the "Releasor," would receive $22,500 from Defendant, as the "Releasee," in exchange for releasing "all issues, cause, claims, counterclaims, set-offs, and allegations which were raised or could have been raised relating to or arising out of [this case]." (*Id.* at 7). A footnote in the general release explained that "[w]herever used, the term 'Releasor'

---

[1] Neither party objects to the denial of Defendant's request for costs.

and 'Releasee' shall include those parties specifically named in this General Release and all other entities and persons, natural or corporate." (*Id.* at 7 n.1).

Plaintiff asserts that ambiguity arises from the footnote because the inclusion of "and all other entities and persons" could be interpreted to mean that Plaintiff is extinguishing claims against non-parties. The Court disagrees. It is important to note that "[w]hile general releases can be broad when read in isolation, the question is whether a fair reading of the offer as a whole is ambiguous." *Johnson v. Thor Motor Coach, Inc.*, No. 5:15-cv-85-Oc-PRL, 2016 WL 6893942, at *3 (M.D. Fla. Nov. 23, 2016). Here, the settlement proposal itself makes clear that Plaintiff is only releasing the claims it has against Defendant. (*See, e.g.*, Doc. 145-1 at 2 (noting that the proposal settles claims that Plaintiff asserted or could have asserted "against Allianz" in this litigation); *id.* (explaining that the proposal does not resolve the claims of a specific non-party, Lifestyles Financial Services, Inc.); *id.* at 3 ("Hill shall execute a general release in favor of Allianz and its privies, parents, subsidiaries, affiliates, employees, agents, directors, officers, and other representatives."); *id.* (noting that upon payment, Plaintiff "shall file a Notice of Voluntary Dismissal With Prejudice of Hill's claims against Allianz in the above-captioned lawsuit")).

Moreover, the relevant footnote goes on to clarify that: "The term 'Releasor' and 'Releasee' shall also include singular and plural, heirs, legal representatives, assigns of individuals, employees, agents, servants, officers and directors, stockholders, attorneys, representatives, employers, successor subsidiaries, affiliates, partners, predecessors or successors in interest, assigns of corporations, whenever the context so admits or requires." (*Id.* at 7). As Judge Spaulding correctly noted, "[t]his language is 'typical of the language contained in many general releases' that extends the terms of the release to corporate subsidiaries, alter-egos, affiliates, etc." (Doc. 157 at 11 (quoting *Carey-All Transp., Inc. v. Newby*, 989 So. 2d 1201, 1204-05 (Fla. 2d DCA 2008))).

"Allowing [P]laintiff[] to avoid the statutory fee-shifting provision by scrutinizing [the] settlement offer[] for minor problems after the fact would defeat the purpose of § 768.79 by eliminating the intended incentive for defendants to make reasonable settlement offers." *Arnoul v. Busch Entm't Corp.*, No. 8:07-cv-1490-T-24MAP, 2008 WL 5341148, at *3 (M.D. Fla. Dec. 19, 2008) (citing *Carey-All Transp.*, 989 So. 2d at 1206).

Thus, after a *de novo* review of the record, the Court agrees with Judge Spaulding's analysis. When viewed in its entirety, the Proposal for Settlement makes clear that the only claims being released are those that Plaintiff has asserted or could have asserted against Defendant.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 157) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
2. Defendant's Second Renewed Motion for Attorneys' Fees and Costs (Doc. 145) is **GRANTED in part** and **DEFERRED in part**.
3. Defendant is entitled to the reasonable attorneys' fees it incurred after the service of the Proposal for Settlement on April 20, 2015. Judge Spaulding will issue a separate Report and Recommendation regarding the amount of attorneys' fees Defendant is entitled to.
4. Defendant's Motion is **DENIED as moot** to the extent that Defendant seeks costs.

**DONE** and **ORDERED** in Orlando, Florida on September 27, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record