UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**REX D. HILL,**

**Plaintiff,**

**v.** **Case No: 6:14-cv-950-Orl-41KRS**

**ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,**

**Defendant.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA'S SECOND RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 145)** |
| **FILED:** | **August 31, 2017** |

## I. PROCEDURAL BACKGROUND.

Plaintiff, Rex D. Hill, sued Defendant, Allianz Life Insurance Company of North America, for slander (Count 1) and tortious interference with an expectancy (Count 2). Plaintiff moved for partial summary judgment as to Defendant's liability for slander (Doc. No. 64), and Defendant moved for summary judgment on both counts of the complaint. (Doc. No. 84). On February 17, 2016, the Court entered an order denying Plaintiff's motion for partial summary judgment and granting Defendant's motion for summary judgment. Doc. No. 117. Judgment in Defendant's favor was entered on February 18, 2016. Doc. No. 119.

Defendant filed a proposed bill of costs and a motion for attorneys' fees and costs on March 4, 2016. Doc. Nos. 120, 121. On March 11, 2016, Plaintiff moved for reconsideration of the summary judgment order. Doc. No. 122.[1] I therefore denied the motion for attorneys' fees and costs without prejudice and allowed Defendant to refile its motion within fourteen days after the Court ruled upon the motion for reconsideration. Doc. No. 128. The Court denied the motion for reconsideration on December 19, 2016. Doc. No. 136.

Defendant filed a renewed motion for attorney's fees and costs on January 3, 2017. Doc. No. 137. Shortly thereafter, Plaintiff appealed the Court's order granting Defendant's summary judgment motion to the United States Court of Appeals for the Eleventh Circuit. Doc. No. 138. I denied the renewed motion for attorney's fees and costs in light of the appeal and gave Defendant twenty days to refile its motion after issuance of a mandate by the Eleventh Circuit. Doc. No. 140. On July 19, 2017, the Eleventh Circuit issued an opinion and order affirming this Court's rulings. Doc. No. 143. The Eleventh Circuit's mandate issued on August 17, 2017. Doc. No. 144.

Defendant filed its second renewed motion for attorneys' fees and costs on August 31, 2017. Doc. No. 145. In the motion, Defendant seeks $312,973.40 in attorneys' fees (representing fees at both the trial and appellate levels).[2] In support of its motion, Defendant submitted the following:

- The Proposal for Settlement that it served upon Plaintiff (Doc. No. 145-1);

[1] Plaintiff filed an amended motion for reconsideration on March 14, 2016. Doc. No. 123.

[2] Defendant's motion initially sought to recover $335,033.45. Doc. No. 145, at 10. Defendant subsequently withdrew one of the invoices it submitted and corrected a mathematical error, thereby reducing its request to $312,973.40. Doc. No. 152, at 3 n.2; Doc. No. 156, at 4. Defendant also sought to recover $7,003.75 in costs. The Clerk taxed costs in this amount on March 18, 2016, Doc. No. 124, and Plaintiff did not timely object to the costs so taxed. *See* Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."). Therefore, I will not address the costs portion of the motion.

- A declaration from its counsel, Irma Reboso Solares, Esq., in support of the motion for attorneys' fees and costs (Doc. No. 145-2)("Solares Decl.") with supporting invoices[3];
- A copy of Plaintiff's mandatory disclosures (Doc. No. 145-3);
- Plaintiff's Response To Allianz Third Production Request (Doc. No. 145-4); and
- Copies of Plaintiff's Notices of Deposition (Doc. No. 145-5).

Plaintiff filed a response in opposition to the motion for attorneys' fees. Doc. No. 148. In support of the response, Plaintiff filed the following:

- Summary of Redactions to Invoices Presented by Defendant (Doc. No. 148, at 22-23);
- Plaintiff's Post Judgment Notice to Produce (*id.* at 24-26);
- Letter dated November 15, 2012 from counsel for Plaintiff to Defendant (*id.* at 27-28);
- Letter dated April 24, 2015 from counsel for Plaintiff to counsel for Defendant (*id.* at 29-30);
- Portions of Plaintiff's responses to Defendant's interrogatories (*id.* at 31-36)[4];
- Excerpts from the transcript of the deposition of Kristina Nicholls (*id.* at 37-40).

Defendant filed a reply brief in support of its motion on October 27, 2017. Doc. No. 152. In response to a supplemental evidence order (Doc. No. 155), Defendant filed a supplemental declaration of Attorney Solares. Doc. No. 156 ("Solares Supp. Decl.").

On April 12, 2018, I recommended that the Court find that Defendant was entitled to an award of attorneys' fees. Doc. No. 157. On September 27, 2018, the Court adopted the recommendation and found that Defendant is entitled to reasonable attorneys' fees incurred after

---

[3] In a footnote in a reply memorandum, Attorney Solares withdrew the invoice dated August 24, 2015, which is Exhibit C to her declaration. Doc. No. 152, at 3 n. 2.

[4] This exhibit also includes—apparently erroneously—the first page of Defendant's responses to Plaintiff's Notice to Produce.

the service of the Proposal for Settlement on April 20, 2015. Doc. No. 163, at 4. The Court referred the amount of attorneys' fees to be awarded to me for issuance of another Report and Recommendation. *Id.*

## II. DISCUSSION.

"When examining the reasonableness of a request for attorney's fees under the offer-of-judgment statute, the Court uses the lodestar method." *Jalosinski v. Dorel Juvenile Grp., Inc.*, No. 2:13-CV-371, 2015 WL 4395406, at *3 (M.D. Fla. July 16, 2015)(citing *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985)). Under this method, a court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services to reach a sum referred to as the "lodestar." *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006) (per curiam). The court may then adjust the lodestar, based on a variety of considerations. *Id.*; *see also Fla. Patient's Comp. Fund*, 472 So. 2d at 1151. In making the lodestar recommendations in this case, I have also considered the factors listed in section 768.79, Florida Statutes. *See Am. Home Assur. Co. v. Weaver Aggregate Transport, Inc.*, 89 F. Supp. 3d 1294, 1300-01 (M.D. Fla. 2015)(finding that a Magistrate Judge did not err by failing to explicitly discuss the factors listed in section 768.79).[5]

[5] The section 768.79(7)(b)(1)—(6) factors are as follows:

1. The then apparent merit or lack of merit in the claim.
2. The number and nature of offers made by the parties.
3. The closeness of questions of fact and law at issue.
4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
6. The amount of the additional delay, cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.

*A. Reasonable Hourly Rates.*

Defendant seeks fees for the work of Attorneys Irma Solares, Stephanie Fichera, Clifton Gruhn and Michael Greenfield and for the work of Paralegals Jennifer Steinberg and Debra Katz. Doc. No. 145, at 13-14. Each of these professionals practiced in the Southern District of Florida, where reasonable hourly rates generally exceed reasonable hourly rates in central Florida. *See, e.g., Mawk v. Kaplan Univ.*, No. 6:13-cv-1469-Orl-22KRS, 2015 WL 4694055, at *7 (M.D. Fla. Aug. 6, 2015) (citation omitted).

Attorney Solares attested to the background and experience of these professionals, as follows:

Attorney Solares ("ITS") graduated from the University of Miami School of Law in 1988. At the time the motion was filed, she was a shareholder in the Miami office of Carlton Fields Jorden Burt, P.A. ("Carlton Fields"). She had over 28 years of experience handling complex litigation matters in state and federal courts. She seeks an hourly rate of $535.00 per hour for her work through May 2017 and $595.00 per hour for her work after May 2017. Solares Decl. at 3-4.[6]

Attorney Fichera ("SAF") graduated *magna cum laude* from the University of Miami School of Law in 2008. At the time the motion was filed, she was a senior associate in the litigation department of Carlton Fields. She had over 8 years of experience handling complex litigation matters in state and federal courts. She seeks $390.00 per hour for her work through May 2017 and $475.00 per hour for her work after May 2017.[7] *Id.*

[6] Citations to Attorney Solares' Declaration are to the page numbers in the original document.

[7] However, review of the invoices reflects that Attorney Fichera billed only $195.00 per hour for her travel time in this case. Doc. No. 145-2, at 24. In the motion, Attorney Fichera states that Defendant paid travel time at an hourly rate that was discounted by 50%. Doc. No. 145, at 10 n. 9.

Attorney Gruhn ("CRG") graduated *magna cum laude* from the University of Miami School of Law in 2009. At the time the motion was filed, he was a senior associate in the litigation department of Carlton Fields. He had more than 7 years of experience handling complex litigation matters in state and federal courts. He seeks $375.00 per hour for his work in this case. *Id.*

Attorney Greenfield ("MAG") graduated *magna cum laude* from the University of Miami School of Law in 2013. At the time the motion was filed, he was a junior associate in the litigation department of Carlton Fields. He had more than 2 years of experience handling research and analysis of issues relevant to complex litigation. He seeks $300.00 per hour for his work in this case. *Id.* at 3-5.

Paralegal Steinberg ("JS") is a Florida Registered Paralegal working in the Miami office of Carlton Fields. She has a B.A. degree and she completed a paralegal certification program. At the time the motion was filed, she had more than 27 years of experience as a litigation paralegal. She seeks $240.00 per hour for her work in this case through May 2017 and $290.00 per hour thereafter. *Id.* at 4-5.

Paralegal Katz ("DK") has a B.A. degree, and she completed a paralegal certification program. She is a paralegal in the Miami office of Carlton Fields. At the time the motion was filed, she had more than 37 years of experience as a litigation paralegal. She seeks $240.00 per hour for her work in this case through May 2017 and $290.00 per hour thereafter. *Id.*

In support of the hourly rates sought,[8] Attorney Solares cites to only to the decision in *Mawk v. Kaplan University*, No. 6:13-cv-1469-Orl-22KRS (M.D. Fla.). Doc. No. 145, at 14. In *Mawk*,

[8] Attorney Solares averred that counsel billed Defendant $394,157.00 for the work for which fees are now sought. She also averred that Defendant received a 15% prompt-pay discount for these amounts and that Defendant only paid its counsel $326,363.03 for the work at issue in Defendant's fee motion. Doc. No. 156, at 4. Therefore, it appears that the rates sought for the various legal professionals who worked on this case are not the actual rates paid by Defendant.

the Court found that the complaint was frivolous, and Plaintiff did not contest the award of attorneys' fees. No. 6:13-cv-1469-Orl-22KRS, Doc. No. 63, at 2, 6-8 (M.D. Fla. July 21, 2015), *report and recommendation adopted by* Doc. No. 64 (M.D. Fla. Aug. 6, 2015). The independent fee expert in that case averred that the hourly rates for both of the two most senior lawyers were at the high end of rates in the central Florida market. He opined that the reasonable hourly rate for the work of partner-level lawyer with 25 years of experience litigating employment law cases, who was also Board Certified in Labor and Employment Law, was $525.00 to $550.00. He opined that the reasonable hourly rate for the work of a partner-level attorney with more than 15 years of experience litigating employment law matters, who was also Board Certified in Labor and Employment Law, was $450.00 to $475.00 per hour. The fee expert in *Mawk* also opined that the reasonable hourly rate for an associate-level attorney with 5 years of experience in labor and employment law was $310.00 per hour. Finally, he averred that the reasonable hourly rate for a paralegal with 20 years of experience was $195.00 per hour. *Id.* at Doc. No. 62-4.

Attorney Solares did not identify any lawyer for Defendant in this case who is board certified in litigation. Therefore, I find the *Mawk* case not particularly persuasive regarding the work in this case, which involved relatively simple state-law claims that did not require resolution of novel legal issues. Furthermore, in my Report and Recommendation in *Mawk*, I wrote, "The above recommendation is not meant to imply approval of these rates in all cases." *Id.* at 12 n. 7.

More recently, in *HRCC, Ltd. v. Hard Rock Café, International (USA), Inc.*, No. 6:14-cv-2004-Orl-40KRS (M.D. Fla.), an independent fee expert who was previously a shareholder at Carlton Fields opined that $425.00 per hour was reasonable for the trial and appellate work of a partner who had 21 to 22 years of experience in commercial litigation. The fee expert also averred that $250.00 per hour was reasonable for trial and appellate work performed by an associate with 7

years of experience and that $240.00 per hour was reasonable for trial and appellate work performed by an associate with 3 years of experience. Finally, the fee expert opined that $215.00 per hour for a paralegal with 8 years of experience was at the high end of what judges in the Middle District of Florida have found to be reasonable. *Id.*, Doc. No. 176.[9] Because the *HRCC Ltd.* case involved litigation of a state law claim, and the work was performed in the same general time frame as the work in this case, I find the opinion of this fee expert more persuasive than the opinion of the fee expert in *Mawk*.

Additionally, the Court may rely on its own knowledge of the reasonable hourly rates for work in central Florida. *See, e.g., Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). In light of that experience and with guidance from the fee expert in *HRCC, Ltd.*, I recommend that the Court find that the hourly rates sought for the work of attorneys and paralegals exceed those that are reasonable in this market. Because Attorney Solares had 28 years of experience, which is 6 years more than the experience of lawyers in *HRCC Ltd.* for whom $420.00 was found to be a reasonable hourly rate, I recommend that the Court find that $475.00 per hour is reasonable for her work in this case. I further recommend that the Court find that $300.00 per hour is reasonable for the work of Attorney Fichera (8 years), that $250.00 per hour is reasonable for the work of Attorney Gruhn (7 years), and that $230.00 per hour is reasonable for the work of Attorney Greenfield (2 years). Finally, I recommend that the Court find that $180.00 per hour is reasonable for the compensable legal work of Paralegals Steinberg and Katz because of their years of experience.[10]

---

[9] In this regard, I note that in *Novak v. Safeco Insurance Company of Illinois*, No. 6:15-cv-215-Orl-41DCI, Doc. No. 86, at 13 (M.D. Fla. Nov. 18, 2016), the Magistrate Judge recommended that $125.00 per hour was a reasonable hourly rate for a paralegal with 30 years of experience, which recommendation was adopted by the presiding District Judge. 2017 WL 1552091 (M.D. Fla. May 1, 2017).

[10] On this point, the Court previously reduced the amount of attorneys' fees sought by Defendant in connection with pretrial motions. In the order, the Court did not make an explicit finding about the reasonable hourly rates for the work of attorneys, but it did find that $240.00 exceeded the reasonable hourly

*B. Hours Reasonably Expended and Lodestar Attorneys' Fees.*

The Court must next determine the number of hours reasonably expended. "In order for courts to carry out their duties in this area, objections and proof from fee opponents concerning the hours that should be excluded must be specific and reasonably precise." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999 (internal quotations omitted)). As explained in more detail, below, some of the work for which Defendant seeks fees was performed pursuant to a flat-fee agreement. In his response, Plaintiff specifically objected to fees at a lodestar rate for work covered by the flat-fee agreement, and Plaintiff objected to fees when the description of the work performed was substantially redacted. Doc. No. 148, at 6. I have also reviewed the relevant invoices submitted with Attorney Solares's declaration to determine whether the hours worked are clearly excessive or otherwise not compensable. *See* Doc. No. 145-2, at 12-28, 38-136.[11] Based on those considerations, I first discuss the hours reasonably expended for work covered by the flat-fee agreement. I then discuss the hours reasonably expended for work not covered by the flat-fee agreement.

1. <u>A Preliminary Note</u>.

Before discussing the hours reasonably expended in this case, I make one preliminary note. The existence of the flat-fee agreement makes what would otherwise be a straightforward fee motion significantly more complex. Defendant seeks fees for work covered by the flat-fee agreement and for work not covered by the flat-fee agreement, but the invoices submitted in support of its fee motion do not clearly identify which work is covered by the flat-fee agreement and which work is not covered by the agreement. Further complicating matters, the dates of the work covered by the

---

rate for the work of Paralegal Steinberg. Doc. No. 58, at 8; Doc. No. 136, at 4-5.

[11] Citations to invoices are to the numbers assigned when the documents were filed in CM/ECF.

flat-fee agreement overlap with the dates of work not covered by the flat-fee agreement. Defendant has also redacted the total number of hours worked and the total fees billed from each of the invoices submitted in support of its motion, which might have provided some insight into how much was being billed under the flat-fee agreement, how much was being billed outside the flat-fee agreement, and how many hours total were being billed per invoice. *See, e.g.*, Doc. No. 145-2, at 38-53. Defendant's counsel also did not separately calculate the lodestar for work performed under the flat-fee agreement and the lodestar for work not covered by the flat-fee agreement. As a result, it is very difficult to determine if Attorney Solares's summary averments about the total number of hours billed and fees invoiced to Defendant, Doc. No. 156, at 3-4, are correct. It is also very difficult to determine the reasonable number of hours worked in this case.

To expedite the resolution of Defendant's motion, I reviewed each invoice and determined which time entries were covered by the flat-fee agreement and which were not, as discussed in more detail below. I then created charts calculating, on an invoice-by-invoice basis, the number of hours covered by the flat-fee agreement and the number of hours not covered by the flat-fee agreement. After creating those charts, I created charts calculating the total number of hours covered by the flat-fee agreement and the total number of hours not covered by the flat-fee agreement. The charts relating to work covered by the flat-fee agreement are attached to this Report and Recommendation are as Attachment A. The charts relating to work not covered by the flat-fee agreement are attached to this Report and Recommendation are attached as Attachment B. As explained above, Defendant's counsel did not provide these calculations to the Court, and counsel for Plaintiff also did not provide calculations in his response to the motion. To the extent that any mathematical or classification errors in the charts have not been detected, I recommend that the Court not entertain

any objections on that basis because counsel did not favor the Court with their own calculations of work covered by the flat-fee agreement and work not covered by the flat-fee agreement.[12]

In summary, I made the following determinations about each invoice:

- All of the work described in the May 13, 2015 and June 22, 2015 invoices was covered by the flat-fee agreement;

- For the November 25, 2015 invoice, all work performed from July 13, 2015 through September 25, 2015 was appellate work and, thus, not covered by the flat-fee agreement.[13] All work performed from October 1, 2015 through October 27, 2015 was covered by the flat-fee agreement.

- For the January 15, 2018 invoice, only the first entry (for work performed on November 13, 2015) was covered by the flat-fee agreement.[14] All other work was not covered by the flat-fee agreement.

- For the remainder of the invoices, all work was not covered by the flat-fee agreement.

2. Work Covered by the Flat-Fee Agreement.

Attorney Solares averred that her law firm, Carlton Fields Jorden Burt, P.A., and Defendant entered into a flat-fee agreement, as follows:

> Allianz would be charged a total of $150,000 for briefing and defending this case, commencing January 1, 2015 through the filing of summary judgment briefs. Under that arrangement Allianz would pay Carlton Fields's hourly rates until the $150,000 cap was satisfied. Once the cap was satisfied, Allianz would not be billed under the arrangement for any additional fees associated with the briefing of summary judgment motions or responses. The $150,000.00 cap on defense work through summary judgment was met in or about July 2015. As a result of that arrangement, Carlton Fields subsequently wrote off more than $200,000 in legal fees incurred on this case.

[12] As noted elsewhere, the amount of fees Defendant seeks has been a shifting target. Defendant withdrew an invoice and later admitted that its original request was based on a mathematical error. As a result, I have not attempted to reconcile my calculations with the summary charts included in Attorney Solares's declarations.

[13] *See* discussion, *infra* § II(B)(2), about the scope of the flat-fee agreement.

[14] *See* discussion, *infra* n.11, about the end date for work covered by the flat-fee agreement.

> Trial preparation work, appellate work, and work relating to issues arising after summary judgment was briefed were not encompassed within the $150,000 cap. Thus, Allianz paid Carlton Fields's hourly rates for such work.

Solares Decl. ¶¶ 7-8.

Plaintiff objects to reliance on this flat-fee agreement because Defendant did not file a copy of a written agreement. In the reply, Defendant states that the flat-fee agreement was oral. Doc. No. 152, at 2.

Despite the lack of a written agreement, it appears that the flat-fee agreement could be more advantageous to Plaintiff than would be a fee request based on lodestar attorneys' fees incurred from April 20, 2015 through the close of summary judgment briefing.[15] Specifically, Attorney Solares averred that for work performed between November 2014 and April 20, 2015, Defendant paid $112,858.46 under the flat-fee agreement. Solares Supp. Decl. at 2.[16] Attorney Solares further averred that Defendant paid an additional $37,141.60 for work performed between April 21, 2015 and May 31, 2015. *Id.* at 2 n. 1. Defendant did not pay for pretrial work performed by its counsel from June 1, 2015 through the filing of summary judgment briefs, which Attorney Solares averred was approximately $200,000.00 in fees. *Id.* When the flat-fee agreement is considered, the maximum amount Plaintiff can be required to pay for work after April 20, 2015, when the Proposal for Settlement was served, through the filing of summary judgment briefs would be $37,141.60—as opposed to the $200,000 or more that he could be required to pay if the flat-fee agreement is not

---

[15] Attorney Solares averred that Carlton Fields began billing Defendant at an hourly rate for pretrial work performed on October 1, 2015. Doc. No. 156, at 3. However, the docket reflects that summary judgment briefing was not completed until counsel for Defendant filed a reply to the response to the motion for summary judgment on November 17, 2015. Doc. No. 92. Because there is no adequate explanation for hourly billing for pretrial work performed before summary judgment briefing was completed, I will use November 17, 2015 as the date of "the filing of summary judgment briefs" for purposes of determining the end date for the flat-fee agreement.

[16] Computed as follows: $17,611.15 + $9,605.00 + $26,237.38 + $14,016.93 + $45,388.00 = $112,858.46.

considered. Therefore, I recommend that the Court find the argument that the flat-fee agreement should not be considered in awarding fees is not well taken.

To determine the fee for work performed under the flat-fee agreement, the Court must compute the lodestar fee from the April 21, 2015, the day after service of the Proposal for Settlement, through the filing of summary judgment briefs and then award no more than $37,141.60, which is the amount Defendant paid for pretrial work during this period.[17]

Defendant submitted invoices dated May 13, 2015, June 22, 2015, November 25, 2015, and January 15, 2016 which reflect pretrial work covered beginning on April 21, 2015 through the close of summary judgment briefing.[18] Doc. No. 145-2, at 12-21, 23-28, 38-52, and 55-60. I recommend that the Court find the hours worked as reflected in these invoices[19] to be reasonable except as follows:

**a. May 13, 2015 Invoice.**

On 04/22/2015, Attorney Fichera recorded 0.3 hours of work to "Review and Analyze rules regarding [Privileged.]" Doc. No. 145-2, at 17. On 04/23/15, Attorney Fichera recorded 0.1 hours of work for "Telephone call with firm general counsel regarding [Privileged.]" *Id.* at 18. On 04/24/15, Attorney Fichera recorded 0.2 hours for "Telephone calls with [Privileged.]" *Id.* at 19. When the subject matter of work performed is redacted, the Court has insufficient information to determine whether the time worked on the task was reasonable. *See Travelers Home & Marine*

---

[17] Defendant's counsel agrees with this analysis. In the reply brief, they wrote: "Regardless of the cap, the Court must still multiply Allianz's hourly rates by the number of hours worked; the only difference is that the number of hours is *less* due to time being written off under the agreement." Doc. No. 152, at 4.

[18] As noted above, Defendant withdrew the August 24, 2015 invoice.

[19] A breakdown of hours worked by each professional that were covered by the flat-fee agreement is contained in Attachment A to this Report and Recommendation.

*Ins. Co. v. Calhoun*, No. 5:13-cv-251-Oc-22PRL, 2014 WL 1328968, at *2-4 (M.D. Fla. April 2, 2014). Therefore, I recommend that the Court reduce Attorney Fichera's time by 0.6 hours.

On 04/23/2015, Paralegal Steinberg seeks compensation for 2.0 hours of work to "Prepare full hard copy versions of documents originally excerpted when shared with corporate representative in preparation for the representative's deposition (1.0); Begin to prepare mediation binder and draft index thereto (1.0)." *Id.* at 18. On 04/24/2015, Paralegal Steinberg recorded 3.7 hours of work to "Prepare mediation binder (3.5); Review Middle District of Florida website for information on mediators to include in binder (.2)." *Id.* at 19. Clerical tasks are not compensable. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002); *Jalosinski*, 2015 WL 4395406, at *5. Printing documents and preparing a mediation binder, draft index and research regarding mediators appears to have been noncompensable clerical work. Accordingly, I recommend that the Court reduce Paralegal Steinberg's time by 5.7 hours.

**b. June 22, 2015 Invoice.**

On 05/05/15, Attorney Fichera recorded 0.3 hours of work as "Privileged." *Id.* at 24. As discussed above, because of the redacted time entry, the Court cannot determine whether the hours worked were reasonable for the task performed. Therefore, I recommend that the Court further reduce Attorney Fichera's time by 0.3 hours.

On 05/05/15, 05/06/15, and 05/07/15 Attorney Fichera recorded a total of 14.3 hours for travel to and from Scottsdale, Arizona to participate in a deposition. Doc. No. 145-2, at 24. While these hours are reasonable, under the agreement with Defendant this time should have been billed at a 50% reduction from Attorney Fichera's hourly rate. Therefore, I recommend that the reasonable hourly rate for these hours is $150.00, 50% of the recommended reasonable hourly rate of $300.00.

**c. November 25, 2015 Invoice.**

The November 25, 2015 invoice includes a number of time entries reflecting work performed in connection with Plaintiff's interlocutory appeal. Doc. No. 145-2, at 39-48. Attorney Solares averred that appellate work was not included in the flat-fee agreement. Therefore, I will address these time entries (from 07/13/15 through 09/23/15) in the discussion of work not covered by the flat-fee agreement, below.

The November 25 invoice also included pretrial work covered by the flat-fee agreement. *Id.* at 48-52 (from 10/01/15 through 10/27/15). I recommend that the Court find these hours worked reasonable except as follows:

On 10/23/15, Attorney Fichera recorded 0.3 hours of work to "Draft email to S. Wilson regarding [Privileged]. *Id.* at 51. Because the Court cannot assess the reasonableness of this work based on the redaction, I recommend that the Court further reduce Attorney Fichera's time by 0.3 hours.

**d. January 15, 2016 Invoice.**

This invoice contains only one time entry for work performed before summary judgment was completed. On 11/03/15, Attorney Fichera recorded 0.7 hours to "Review letter from A. Mickler regarding confidentiality issues (0.1); Draft response to same (0.6)." *Id.* at 56. This time was reasonable for the tasks performed.

**e. Flat-Fee Agreement Lodestar.**

The total number of hours worked on pretrial matters covered by the flat-fee agreement as reflected on the invoices submitted by Defendant's counsel, with the recommended reductions discussed above, multiplied by the hourly rates for each professional recommended above, is as follows:

| Professional | Hours Worked[20] | Recommended Reductions | Reasonable Hours Worked | Hourly Rate | Lodestar |
|---|---|---|---|---|---|
| Attorney Solares | 3.3 | 0.0 | 3.3 | $475.00 | $1,567.50 |
| Attorney Fichera | 142.1 | 1.2 | 140.9 | $300.00 | $42,270.00 |
| Attorney Fichera | 14.3 (travel) | 0.0 | 14.3 | $150.00 | $2,145.00 |
| Attorney Greenfield | 12.0 | 0.0 | 12.0 | $230.00 | $2,760.00 |
| Attorney Gruhn | 0.3 | 0.0 | 0.3 | $250.00 | $75.00 |
| Paralegal Steinberg | 29.8 | 5.7 | 24.1 | $180.00 | $4,338.00 |
| Paralegal Katz | 5.4 | 0.0 | 5.4 | $180.00 | $972.00 |
| **TOTAL LODESTAR FEES** | | | | | $54,127.50 |

Because the lodestar attorney fee of $54,127.50 exceeds the amount Defendant paid for work covered by the flat-fee agreement after the Proposal of Settlement was served through the end of summary judgment filings, the lodestar fee to be awarded must be capped by the amount paid for work covered by the flat-fee agreement. Therefore, I recommend that the Court award attorneys' fees for work covered by the flat-fee agreement in the total amount of $37,141.60, which is the amount Defendant actually paid for this work. Solares Supp. Decl. at 2 n.1.

[20] As explained above, counsel for Defendant did not provide these calculations to the Court. Therefore, the calculations are based on review of each invoice. To the extent that mathematical errors have not been detected, I recommend that the Court not entertain an objection on that basis because counsel did not favor the Court with their own calculations of work covered by the flat-fee agreement to support the fee motion.

3. Work Not Covered by the Flat-Fee Agreement.

Plaintiff filed a Notice of Interlocutory Appeal on July 15, 2015 (Doc. No. 61), which appeal was resolved by the U.S. Court of Appeals for the Eleventh Circuit on September 28, 2015 (Doc. No. 80). Attorney Solares averred that the work performed defending this appeal as reflected in the November 25, 2015 invoice (Doc. No. 145-2, at 38-48) was not covered by the flat-fee agreement. Solares Decl. ¶ 8. Finally, work performed on and after November 17, 2015, when summary judgment briefing was completed, is not covered by the flat-fee agreement. *See supra*, n.11. Accordingly, the Court must separately determine the lodestar fee for this work.

This work is reflected in the November 25, 2015, January 15, 2016, February 19, 2016, March 31, 2016, April 18, 2016, May 19, 2016, February 15, 2017, March 15, 2017, April 19, 2017, May 12, 2017, and June 14, 2017 invoices. Doc. No. 145-2, at 38-53, 55-60, 62-72, 74-89, 91-98, 100-104, 106-10, 112-15, 117-122, 124-29, 131-36. *See* Attachment B, hereto. I recommend that the Court find the hours worked as reflected in these invoices that were not included in the flat-fee agreement lodestar to be reasonable except as follows:

**a. November 25, 2015 Invoice.**

This invoice includes appellate work performed from 07/13/2015 through 09/25/2015, which was not covered under the flat-fee agreement.[21] For this category of work, Attorney Fichera recorded 1.0 hours of work on 07/15/15 and 0.5 hours of work on 07/27/15 in which the description of the work performed is redacted as Work Product in one entry and as Privilege in another entry. Doc. No. 145-2 at 40. On 09/08/15, Attorney Fichera recorded 4.5 hours of work for "Research [redacted] appeals, [redacted] Eleventh Circuit [Work Product] Appeals." *Id.* at 46. On 09/09/15,

[21] Work covered by the flat-fee agreement is also included on this invoice. That work is discussed above. *See supra* § II(B)(2)(c).

Attorney Fichera recorded 4.6 hours of work for "Complete research analysis [redacted] (2.0); Research regarding whether Eleventh Circuit [Work Product] (1.7); Email to S. Wilson [redacted] (0.9). *Id.* On 09/10/15, Attorney Fichera recorded 0.2 hours of work for "Emails with S. Wilson and A. Moravetz regarding [Privileged.]" *Id.* Because the Court cannot evaluate whether the hours worked were reasonable for the tasks performed when the description of the work is redacted, I recommend that the Court reduce Attorney Fichera's time by 10.8 hours.

**b. January 15, 2016 Invoice.**

This invoice records work performed beginning on 11/18/2015, after the end of the flat-fee period.[22] On 12/1715, Attorney Fichera recorded 1.1 hours to "Outline motion in limine on [redacted] settlement." Doc. No. 145-2, at 57. Because the Court cannot evaluate whether the hours worked were reasonable for the tasks performed when the description of the work is redacted, I recommend that the Court reduce Attorney Fichera's time by 1.1 hours.

**c. February 19, 2016 Invoice.**

None of the work recorded in this invoice was covered by the flat-fee agreement. On 01/14/16, Paralegal Steinberg recorded 0.4 hours to draft a chart of pending motions at the request of Attorney Solares. On 01/15/16, Paralegal Steinberg recorded 0.3 hours of work to compile a list of depositions for Attorney Solares. Doc. No. 145-2, at 65. On 01/27/16, Paralegal Steinberg recorded 1.2 hours to "Begin to prepare binders containing pending motions and case law therein (1.2)." *Id.* at 70. This was clerical work performed for the convenience of counsel and is, therefore, not compensable. Therefore, I recommend that the Court reduce Attorney Steinberg's time by 1.9 hours.

---

[22] Work covered by the flat-fee agreement is also included on this invoice. That work is discussed above. *See supra* § II(B)(2)(d).

**d. March 31, April 18, and May 19, 2016 Invoices.**

None of the work recorded in these invoices was covered by the flat-fee agreement. In the absence of specific objections, the hours worked for the tasks performed are reasonable.

**e. February 15 and March 15, 2017 Invoice.**

None of the work recorded in these invoices was covered by the flat-fee agreement. In the absence of specific objections, the hours worked for the tasks performed are reasonable.

**f. April 19, 2017 Invoice.**

None of the work recorded in this invoice was covered by the flat-fee agreement. On 03/07/17, Paralegal Katz recorded 1.2 hours for "Preparation of binders of Plaintiff's appendix from Court docket." Doc. No. 145-2, at 119. On 03/10/2017, Paralegal Katz recorded 1.2 hours for "preparation of chart re analysis of appellant Hill's appendix filed in appeal in the U.S. Court of appeals for the Eleventh Circuit." *Id.* This time appears to be for clerical work done for the convenience of counsel and, therefore, it is not compensable. Therefore, I recommend that the Court reduce Paralegal's Katz's time by 2.4 hours.

**g. May 12, 2017 Invoice.**

None of the work recorded in this invoice was covered by the flat-fee agreement. On 04/03/17, Attorney Fichera recorded 4.8 hours of time but the description of 0.3 hours of work is redacted from the time entry. Doc. No. 145-2, at 125. On 04/11/17, Attorney Fichera recorded 6.8 hours of work but the description of 0.5 hours of that work is redacted. *Id.* at 127. Therefore, I recommend that the Court reduce Attorney Fichera's time by 0.8 hours.

**h. June 14, 2017 Invoice.**

None of the work recorded in this invoice was covered by the flat-fee agreement. In the absence of specific objection, the hours worked for the tasks performed are reasonable.

**i. Lodestar For Work Not Covered by the Flat-Fee Agreement.**

| Professional | Hours Worked[23] | Recommended Reductions | Reasonable Hours Worked | Hourly Rate | Lodestar |
|---|---|---|---|---|---|
| Attorney Solares | 107.3 | 0.0 | 107.3 | $475.00 | $50,967.50 |
| Attorney Fichera | 424.0 | 12.7 | 411.3 | $300.00 | $123,390.00 |
| Attorney Greenfield | 27.1 | 0.0 | 27.1 | $230.00 | $6,233.00 |
| Attorney Gruhn | 136.6 | 0.0 | 136.6 | $250.00 | $34,150.00 |
| Paralegal Steinberg | 71.8 | 1.9 | 69.9 | $180.00 | $12,582.00 |
| Paralegal Katz | 43.9 | 2.4 | 41.5 | $180.00 | $7,470.00 |
| **TOTAL LODESTAR FEES** | | | | | $234,792.50 |

Therefore, I recommend that the Court find that the total lodestar attorneys' fees are $271,934.10, which is computed by the flat-fee agreement lodestar fee of $37,141.60 added to the lodestar fee for work not covered by the flat-fee agreement of $234,792.50.

## III. RECOMMENDATIONS.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** in part Defendant's Second Renewed Motion for Attorneys' Fees and Costs (Doc. No. 145), **AWARD** Defendant $271,934.10 in attorney's fees, and **DIRECT** the Clerk to enter judgment in Defendant's favor in this amount. As Defendant's costs have already been taxed by the Clerk of

[23] As explained above, counsel for Defendant did not provide these calculations to the Court. Therefore, the calculations are based on review of each invoice. To the extent that mathematical errors have not been detected, I recommend that the Court not entertain an objection on that basis because counsel did not favor the Court with their own calculations of work performed under the flat-fee agreement to support the fee motion.

Court, I **RESPECTFULLY RECOMMEND** that the Court **DENY** the motion to the extent that it seeks to recover costs already awarded.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 10, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

**ATTACHMENT A**

*Hours Worked Per Professional from April 21, 2015 Through November 17, 2015 That Were Covered by the Flat-Fee Agreement[1] Per Professional Per Invoice*

*And*

*Total Hours Worked from April 15, 2015 Through November 17, 2015 That Were Covered by the Flat-Fee Agreement*

May 13, 2015 Invoice (Doc. No. 145-2, at 12-21)

| Professional | Total Hours |
|---|---|
| Attorney Solares | 1.3 |
| Attorney Fichera | 42.9 |
| Attorney Greenfield | 12.0 |
| Paralegal Steinberg | 7.4 |

June 22, 2015 Invoice (Doc. No. 145-2, at 23-28)

| Professional | Total Hours |
|---|---|
| Attorney Fichera | 25.1 |
| Attorney Fichera (Travel) | 14.3 |
| Paralegal Steinberg | 22.4 |

November 25, 2015 Invoice for 10/1/15 – 10/27/15 (Work Covered by Flat-Fee Agreement, Doc. No. 145-2, at 38-53)[2]

| Professional | Total Hours |
|---|---|
| Attorney Solares | 2.0 |
| Attorney Fichera | 73.4 |
| Attorney Gruhn | 0.3 |
| Paralegal Katz | 5.4 |

[1] This attachment is limited to hours covered by the flat-fee agreement. Thus, it excludes appellate work.

[2] The dates of the work covered by the flat-fee agreement are 10/1/15 through 10/27/15. Work not covered by the flat-fee agreement appears in Attachment B.

January 15, 2018 Invoice for 11/30/15 (Work Covered by Flat-Fee Agreement, Doc. No. 145-2, at 55-60)[3]

| | |
|---|---|
| Attorney Fichera | 0.7 |

**Total Hours Covered by the Flat-Fee Agreement**

| | |
|---|---|
| Attorney Solares | 3.3 |
| Attorney Fichera | 142.1 |
| Attorney Fichera (Travel) | 14.3 |
| Attorney Greenfield | 12.0 |
| Attorney Gruhn | 0.3 |
| Paralegal Steinberg | 29.8 |
| Paralegal Katz | 5.4 |

[3] For this invoice, only work performed on 11/3/15 was covered by the flat-fee agreement. Work not covered by the flat-fee agreement appears in Attachment B.

# ATTACHMENT B

*Hours Worked Not Covered by the Flat-Fee Agreement*
*Per Professional Per Invoice*

*And*

*Total Hours Worked Not Covered by the Flat-Fee Agreement*
*Per Professional*

| **Invoice Dated May 13, 2015** (Doc. No. 145-2, at 12-21) | |
|---|---|
| PROFESSIONAL | HOURS WORKED NOT COVERED BY FLAT-FEE AGREEMENT |
| N/A | 0.0 |

| **Invoice Dated June 22, 2015** (Doc. No. 145-2, at 23-28) | |
|---|---|
| PROFESSIONAL | HOURS WORKED NOT COVERED BY FLAT-FEE AGREEMENT |
| N/A | 0.0 |

| **Invoice Dated November 25, 2015** (Doc. No. 145-2, at 38-53) | |
|---|---|
| PROFESSIONAL | HOURS WORKED NOT COVERED BY FLAT-FEE AGREEMENT[1] |
| Attorney Solares | 2.6 |
| Attorney Fichera | 68.5 |
| Attorney Gruhn | 28.3 |
| Paralegal Katz | 8.3 |
| Paralegal Steinberg | 0.5 |

[1] The dates of the appellate work not covered by the flat-fee agreement are 07/13/15 through 09/25/15. Doc. No. 145-2, at 39-48.

| **Invoice Dated January 15, 2016** (Doc. No. 145-2, at 55-60) | |
|---|---|
| PROFESSIONAL | HOURS WORKED NOT COVERED BY FLAT-FEE AGREEMENT[2] |
| Attorney Solares | 1.9 |
| Attorney Fichera | 53.9 |
| Attorney Greenfield | 2.6 |
| Paralegal Steinberg | 5.7 |

| **Invoice Dated February 19, 2016** (Doc. No. 145-2, at 62-72) | |
|---|---|
| PROFESSIONAL | HOURS WORKED NOT COVERED BY FLAT-FEE AGREEMENT[3] |
| Attorney Solares | 29.5 |
| Attorney Fichera | 51.5 |
| Attorney Greenfield | 11.4 |
| Attorney Gruhn | 23.2 |
| Paralegal Steinberg | 47.2 |

| **Invoice Dated March 31, 2016** (Doc. No. 145-2, at 74-89) | |
|---|---|
| PROFESSIONAL | HOURS WORKED NOT COVERED BY FLAT-FEE AGREEMENT[4] |
| Attorney Solares | 60.9 |
| Attorney Fichera | 85.6 |
| Attorney Gruhn | 53.8 |
| Paralegal Steinberg | 13.0 |

[2] The dates of the work not covered by the flat-fee agreement are 11/18/15 through 12/31/15. Doc. No. 145-2, at 57-60.

[3] All of the work reflected in this invoice was performed after the flat-fee agreement ended.

[4] All of the work reflected in this invoice was performed after the flat-fee agreement ended.

| **Invoice Dated April 18, 2016** (Doc. No. 145-2. at 91-98) | |
|---|---|
| PROFESSIONAL | HOURS WORKED NOT COVERED BY FLAT-FEE AGREEMENT[5] |
| Attorney Solares | 0.7 |
| Attorney Fichera | 8.5 |
| Attorney Greenfield | 13.1 |
| Attorney Gruhn | 16.8 |

| **Invoice Dated May 19, 2016** (Doc. No. 145-2, at 100-104) | |
|---|---|
| PROFESSIONAL | HOURS WORKED NOT COVERED BY FLAT-FEE AGREEMENT[6] |
| Attorney Solares | 1.2 |
| Attorney Fichera | 25.5 |
| Attorney Gruhn | 14.3 |

| **Invoice Dated February 15, 2017** (Doc. No. 145-2, at 106-110) | |
|---|---|
| PROFESSIONAL | HOURS WORKED NOT COVERED BY FLAT-FEE AGREEMENT[7] |
| Attorney Solares | 0.4 |
| Attorney Fichera | 0.8 |
| Paralegal Katz | 2.8 |

[5] All of the work reflected in this invoice was performed after the flat-fee agreement ended.
[6] All of the work reflected in this invoice was performed after the flat-fee agreement ended.
[7] All of the work reflected in this invoice was performed after the flat-fee agreement ended.

| **Invoice Dated March 15, 2017** (Doc. No. 145-2, at 112-115) | |
|---|---|
| PROFESSIONAL | HOURS WORKED NOT COVERED BY FLAT-FEE AGREEMENT[8] |
| Attorney Solares | 0.2 |
| Attorney Fichera | 7.1 |
| Paralegal Steinberg | 0.5 |

| **Invoice Dated April 19, 2017** (Doc. No. 145-2, at 117-122) | |
|---|---|
| PROFESSIONAL | HOURS WORKED NOT COVERED BY FLAT-FEE AGREEMENT[9] |
| Attorney Solares | 1.5 |
| Attorney Fichera | 54.6 |
| Attorney Gruhn | 0.2 |
| Paralegal Katz | 12.8 |

| **Invoice Dated May 12, 2017** (Doc. No. 145-2, at 124-129) | |
|---|---|
| PROFESSIONAL | HOURS WORKED NOT COVERED BY FLAT-FEE AGREEMENT[10] |
| Attorney Solares | 7.6 |
| Attorney Fichera | 42.1 |

[8] All of the work reflected in this invoice was performed after the flat-fee agreement ended.
[9] All of the work reflected in this invoice was performed after the flat-fee agreement ended.
[10] All of the work reflected in this invoice was performed after the flat-fee agreement ended.

| **Invoice Dated June 14, 2017** (Doc. No. 145-2, at 131-136) | |
|---|---|
| PROFESSIONAL | HOURS WORKED NOT COVERED BY FLAT-FEE AGREEMENT[11] |
| Attorney Solares | 0.8 |
| Attorney Fichera | 25.9 |
| Paralegal Katz | 20.0 |
| Paralegal Steinberg | 4.9 |

**Total Hours Not Covered By Flat-Fee Agreement**

| | |
|---|---|
| Attorney Solares | 107.3 |
| Attorney Fichera | 424.0 |
| Attorney Greenfield | 27.1 |
| Attorney Gruhn | 136.6 |
| Paralegal Steinberg | 71.8 |
| Paralegal Katz | 43.9 |

[11] All of the work reflected in this invoice was performed after the flat-fee agreement ended.